Our first case on the call of the DACA today, Tuesday, January 10th, 2012, is agenda number one, case number 107821, People v. Corey D. Clemons. Counsel for the appellant. Good morning, Your Honors. Counselor. May it please the Court, Assistant Attorney General Garson Fisher for the People. First, contrary to this Court's holding in Houschild, the General Assembly clearly intended to bar simple robbery from satisfying the felony element of armed violence. Second, even accepting this Court's interpretation of the armed violence statute, its elements are merely overlapping with those of armed robbery. They are not identical. And third, this Court should abandon the identical elements test because it expands the scope of the proportionate penalties clause beyond what was intended by the framers of the Illinois Constitution. Five days after Houschild, the General Assembly took steps to clarify the armed violence statute. When an amendment to a statute clarifies that soon after a controversy arose regarding the meaning of the original statute, the amendment is treated as a legislative declaration on that meaning. In this case, lawmakers were explicit that their amendment was intended to, quote, clarify the meaning of the original statute following this Court's decision in Houschild. Considering the subsequent General Assembly's amendment is appropriate, we're adhering to the apparent literal meaning of the plain language of the original statute has produced the result that is clearly and demonstratively at odds with legislative intent. Mr. Fisher, would you agree that the current version of the armed violence statute is crystal clear that simple robbery cannot serve as the predicate felony? Yes, Your Honor. All right. And would the only case then that would be impacted by overruling Houschild be this one? Well, Your Honor, there are other cases, including one, Kelly, that has been argued in this Court that arose during the time frame that is addressed. Subsequent cases, crimes committed, charged, tried, subsequent to the amendment, the current version of the armed violence statute wouldn't be impacted. But there's a several-year period where you have overlapping armed violence, the armed violence statute as it was addressed in Houschild, an armed robbery with a firearm with the firearm enhancements, during which other cases have arisen that are in the court system, including Kelly. So a few cases, right? Relatively few. Relatively few cases. Although one of the reasons that the identical elements test should be abandoned is that it actually becomes increasingly unworkable, and it's hard to anticipate whether there might be cases where, for example, the firearm enhancement having been struck down in Houschild, armed violence would now have a greater penalty than armed robbery without the enhancement. And so there might be a case challenging that could arise from the subsequent period after Houschild but before the amendment to the armed violence statute, challenging armed violence's appropriateness under the proportionate penalties clause. And, Kelly, we would have to dispose of the jurisdictional question before we get to this question about Houschild. I believe that is correct, Your Honor. In this case, the substantive question, questions of whether the armed violence statute prohibited simple robbery from satisfying the felony element, whether even accepting the interpretation of this court in Houschild, those elements were identical to armed robbery, and whether this court should retain the identical elements test are presented without any additional posture or jurisdictional questions preventing the court from reaching those issues. I'm interested in how well you'll do with this question because it's a little sensitive since I authored Sharp, right? Don't you think that that was well-reasoned and thought out? Outstanding, Your Honor. That's a good start. First, taking the narrow, purely objective parameters that the court endorsed for the identical elements test in Sharp, applying it to a situation like this where you have crimes that have overlapping but not identical elements, takes the identical elements test beyond those parameters. The felony element of armed violence is far broader than the robbery element of armed robbery. The dangerous weapons element of armed violence is broader than the firearms element of armed robbery with a firearm. So, for example, while a robbery with a handgun constitutes both armed robbery and armed violence, a burglary with an ax is still armed violence, and it's obviously not armed robbery with a firearm. And that's true even if you narrow the inquiry to the facts that need to be proven rather than the elements as passed by the General Assembly. Because, for example, while a robbery with a rifle is armed robbery with a firearm, it is not armed violence with a Category 1 dangerous weapon. And while that is armed violence with a Category 2 dangerous weapon, so is a robbery with an ax, which is not armed robbery with a firearm. So no matter how narrowly you focus the inquiry on the elements of these crimes, they're never identical. They're always merely overlapping. The only thing that's identical here is that in this specific case, this defendant's criminal conduct satisfied two separate criminal statutes. But that's exactly the scenario that the Supreme Court said in United States v. Batchelder did not violate the federal Constitution with which the Illinois Constitution is meant to be in lockstep on this question. So it's the people's position that the Identical Elements Test period extends the scope of the Proportion and Penalties Clause beyond the Eighth Amendment and what the framers of the Illinois Constitution intended, but certainly expanding the scope of the Identical Elements Test beyond the narrow objective test that was endorsed in Sharp, would take the Proportion and Penalties Clause far beyond the protections that its drafters understood it to encompass. But as said, this Court, rather than simply declining to extend or expand the scope of the Identical Elements Test, should abandon it entirely. The framers of the Illinois Constitution, as this Court has held, understood the Proportion and Penalties Clause to be coextensive with the Eighth Amendment of the United States Constitution. And the United States Supreme Court has repeatedly held that the Eighth Amendment encompasses at most a narrow proportionality requirement that would forbid only extreme sentences that are grossly disproportionate to the crime committed. In other words, the grossly disproportionate test that would remain if this Court were to abandon the relatively recent Identical Elements Test. Mr. Fisher, isn't the Identical Elements Test really the most objective way to conducting proportionality review? Not as applied in this case, Your Honor. While it was certainly the Court's intent to adopt a purely objective test, the question where it's being applied to crimes that have overlapping elements as opposed to identical elements, of whether to view those elements in a fact-specific situation where they might be viewed, you know, in this case the same criminal conduct satisfies both statutes, or looking at the elements as drafted by the General Assembly, becomes a subjective question. To contrast this with, for example, burglary and residential burglary, which are two crimes where any structure that satisfies the residence element or dwelling element of residential burglary satisfies the building element of burglary. The statutes are otherwise identical, but burglary is a lesser-included offense of residential burglary. Are you suggesting that there be two different tests, depending on what the facts are? No, Your Honor. We are suggesting that there shouldn't be a comparative analysis test to determine the proportionality of a penalty. It should be restricted to the question of whether the penalty is grossly disproportionate to the crime in that case. So narrower elements, even when overlapping with broader elements, provide a reasonable justification for a greater penalty for the more narrowly focused crime. There's no reason that one of those two determinations, where viewed individually the penalty is proportionate to the crime that's being charged, should be struck down under the proportionate penalties clause of the Illinois Constitution, and it would not be violative of the Eighth Amendment of the U.S. Constitution. Doesn't our McDonald case from 1990 suggest that our protection can be broader, that under Illinois law we can afford more rights than the Eighth Amendment? McDonald held, certainly the Court could hold that the Illinois Constitution provides greater protection than the Federal Constitution, but in McDonald the Court stated that the framers of the Illinois Constitution understood the proportionate penalties clause to be coextensive with the Eighth Amendment, and this Court's jurisprudence on the question of when it operates and the two constitutions operate in lockstep has held that that's the question that determines whether or not the Illinois Constitution does provide the same or greater protection. Are there any cases where we have held that there is lockstep, where the language of the two provisions are dissimilar or not identical? Because our constitutional provision is not identical with the Eighth Amendment. That is true, Your Honor. I'm speaking without the constitutions right in front of me, but my recollection is that the due process clauses of the Illinois and the United States Constitution are not exactly identical in language, but I know they are viewed as identical or in lockstep for purposes of analysis. I would be happy, Your Honor, to provide additional briefing with the documents in front of me, if you would like, Your Honor. One of the things that the United States Supreme Court has said consistently in looking at the proportionality requirement of the Eighth Amendment is that successful proportionality challenges should be extremely rare. And applying the grossly disproportionate test that was applied for nearly a century prior to the adoption of the identical element test and the cross-comparison test, only a single statute was invalidated by this court over nearly a century. Of the eight cases that have come before this court under the identical element test, three of them have been struck down. And so by requiring essentially strict proportionality, essentially one right answer for the appropriate penalty to a given crime, this court has adopted a test that has far too often infringed on the General Assembly's authority to set the proper penalty for criminal conduct. If this court does retain the identical elements test and overturns the sentence in this case, the proper remedy is to amend the sentence to bring it within the range imposed on the identical crime that was not abrogated, in this case armed violence with a Category 1 weapon. The question of what the proper remedy when a crime is invalidated under the identical elements test is inextricably intertwined with the question of whether the crime should be abrogated, particularly in a case like this where the identical elements test, as discussed, has thwarted the legislative intent regarding the proper remedy for this specific criminal conduct. Applying the wrong remedy compounds the problem. If Hauschild was correctly decided and the elements of these two crimes are identical, then the defendant has been proven guilty of the elements of two crimes, armed robbery with a firearm, which has a minimum sentence of 21 years, and armed violence with a Category 1 weapon, which has a minimum sentence of 15 years. But applying the court's remedy from Hauschild, which would be sentencing under the pre-amendment armed robbery statute, the defendant could be sentenced to as few as six years in prison, which would violate the plain intent of the General Assembly twice over. Within days of this court's decision in Hauschild, the General Assembly acted to, in their own words, correct this court's decision and clarify that it intended to bar simple robbery from satisfying the felony element of armed violence. But even accepting the court's interpretation of armed violence, the elements of armed robbery with a firearm merely overlap with those of armed violence. They're more specific than the elements of armed violence and that provides a reasonable justification for the greater penalty that's associated with armed robbery with a firearm. I think, Your Honor, it would be analogous to a court under Rule 366A5 ordering a defendant be sentenced to a lesser included offense on which he was entitled to an instruction, even though that instruction wasn't given, because if the court's holding is that armed robbery with a firearm and armed violence have identical elements, then the defendant has been proven guilty beyond a reasonable doubt of all of the elements of armed violence and was charged with each of those elements as well. But this court should, in fact, abandon the identical element test entirely, because it has so far exceeded the scope of the Proportion Penalties Clause that was understood by the drafters of the Illinois Constitution at the time that they wrote the Proportion Penalties Clause. It improperly requires strict proportionality between criminal conduct and its penalty, and too frequently infringes on the General Assembly's authority to set that proper penalty. And if the court has no further questions, then for these reasons as well as those stated in its briefs, the people request that this court reverse the decision in the Fourth District, and that if the court finds defendant's sentence does violate the Proportional Penalties Clause, it order he be sentenced according to the range that applied to armed violence with a Category 1 dangerous weapon. Thank you, counsel. Counsel for the appellee. May it please this honorable court and counsel, I'm Susan Wilhelm with the Office of the State Appellate Defender, and I represent the defendant appellee, Corey Clemons. When this court granted leave to appeal, it asked the parties to include a discussion of whether the identical elements test should be abandoned. I'm going to combine the majority of my argument to this issue, but I will answer questions on the other two issues if this court would like. And the answer simply is that I believe the court should continue to use the identical elements approach, as it's not precluded by the Federal Constitution, by Federal case law, or by the Illinois Constitution. This court has established a limited objective test for reviewing proportionality. It's endorsed by the evolving case law of the United States Supreme Court when interpreting our Eighth Amendment, protections under the Cruel and Unusual Punishments Clause. And if we look at Solem v. Helm, in 1983 they said proportionality analysis under the Eighth Amendment should be guided by objective criteria. This test is clearly objective. We're simply looking at the elements as they're set out by the legislature. We put the elements side by side, we review them to see if there's any coinciding elements, and then we compare the penalty ranges, which were also set out by the legislature. We're not making any determinations of what they meant, we're looking at what they stated in the statute. Solem endorses the simple objective test that this court is now using in identical elements. Solem gave a framework for proportionality review, and its first test was the gravity offense, to compare the gravity offense and the harshness of the penalty, what we are used to with the shock's the conscience test. But they also said that proportionality review could include the sentences imposed on other criminals in the same jurisdiction, and sentences imposed for the commission of the same crime in other jurisdictions. And I know this court has questioned in the past whether proportionality review allows a comparison between two different offenses. Solem v. Helm says that it does. In a 1983 case, Ewing v. California, the court stated that deference will be given to a state system of punishment if the state has a reasonable basis for believing the punishment advances the goals of criminal justice in a substantial way. I think we can reconcile reasonable basis with identical elements. When the legislature determines the exact same elements merit two different penalties, it is demonstrating there is no reasonable basis for believing that one of the penalties can address the seriousness of the offense. When the legislature has set forth competing sentencing schemes under federal case law, both cannot be presumed to be rational and entitled to deference. The United States Supreme Court has certainly not forbidden identical elements analysis under the proportionate penalties clause, as it's not addressed the issue. As this court pointed out in Sharp, the closest case anybody can come up with, which is Batchelder, is a 14th Amendment due process and equal protection case. And there they just, the court, the United States Supreme Court only described the cases as, I'm sorry, the statutes as overlapping. And it addressed it as whether or not they needed to apply the rule of lenity and whether the defendants had notice of what behavior was prohibited. It was certainly not an Eighth Amendment proportionality case. The United States Supreme Court has not seen any cases like this. The United, I'm sorry, the Illinois Constitution also supports the identical elements test. Since we are offering the same protections as the Eighth Amendment to the United States Constitution, the narrow objective test, endorsed and solemn and consistent with the reasonable basis test in Ewing, is likewise supported by our Constitution. To the extent our court's interpretation of our Constitution may be unique and compared with the other 50 states, our overlapping criminal statutes have required this court to respond to the resulting disproportionalities in our state. And I would point out that in the cases that the state listed in their brief, they didn't come up with any case where they were looking at identical elements. We seem to be in a situation here in Illinois where statutes are passed, and then statutes are passed to address the same conduct or very similar conduct with another penalty range. As they continue to layer these statutes onto another, this court has had to find a way to address that issue. And as this court said in Christie, our identical elements test sprung forth out of common sense and sound logic to address the situation that we are in. It's an objective test. It's always been objective. And unlike the cross-comparison test, this court has never allowed the test to get unwieldy. We've never seen problems like with the cross-comparison test where the appellate courts had difficulty applying the test. We're not seeing splits in the districts or questions about how are we supposed to apply this, what are we supposed to be looking at. You guys have kept this test very narrow, very strict, and the appellate courts have had guidance and have not had difficulty. And indeed, this court doesn't seem to have difficulty in applying the test in a narrow and objective way. Counselor, Mr. Fisher argued, I think perhaps taking issue with your statement that the identical elements test is simple, it's objective, and there's no room for wiggle in it. And I'd like you to address his argument that these aren't identical elements cases. They would be, I think, if a gun is involved, but with other Category 2 weapons there's merely overlap. And so he's indicating that we misapplied, I think, the law in Hosschild by saying identical elements, even though it would apply perhaps as to the gun, it doesn't apply in every instance. And if you look at this court's case law and the way they've always viewed it, you've always looked at it as it is charged. You've not said, well, is there a possibility of this weapon being used, there's a possibility of that weapon being used. You've always looked at it strictly as this is the category of weapon that this person used, and this is how we're looking at it in this case. And I would also point out that the state's, so you've kept it a very strict test. It is not as broad as the state is trying to make it seem. There simply is no jurisprudence for the way they are saying these cases should be brought. And I'd like to point out that the state's argument that armed violence predicated on robbery is broader, if you take that as true, and armed robbery is a more specific and limited offense, but somehow deserving of the more serious penalty, then violates the due process clause, as this court has applied it in other cases. Because when a greater penalty is assessed for lesser conduct, it violates the due process clause of our state, because such a scheme was not reasonably designed to remedy the evil which the legislature determined to be a greater threat to the public. So the sentencing scheme that they are suggesting, that I don't think this court is actually using, would be a violation of our due process clause. The identical elements test does not invade the province of the power of the legislature. It's a necessary check on its power to designate the seriousness of an offense with one discrete penalty range. The legislature does have the power to assign penalties, but this power is limited. Penalties have to be determined according to the seriousness of the offense, and the legislature does not have the power to assign two different sentences for the exact same conduct. It is simply illogical that identical conduct can have two different levels of seriousness and two different sentencing ranges, and that can be allowed under our Illinois Constitution. Within our system of checks and balances, this court has the authority to strike penalties that fail to meet our constitutional requirements. And when this court carries out the duty, you're not invading the province of the legislature, you're reminding the lawmakers of their duty to adhere to the strictures of our Constitution. The identical elements approach is simple to apply and workable in practice. This court has always applied strict and uniform guidelines. The test has been simple, again, not only for this court but for the appellate court. Under the cross-comparison test, we had splits in the districts. This court was asked to resolve them. We're not seeing that here with the identical elements test. We look at how the legislature defines the elements. If they're not identical, the test is ended. There are many cases, there's five out of those eight cases where this court has looked at the elements and said, no, they are not the same, and we are not going any further. We're not going to ask ourselves, well, what did they mean? No. If they're not set down as the same, that is the end of the test. There is no compelling reason to abandon the identical elements test at this time. This test sprang forth out of common sense and sound logic with the Christie case in 1990. But its emergence was necessitated by the actions of the legislature. They create laws to address specific crimes without repealing laws that they have overridden or made redundant with the new legislation. And they create new sentencing schemes for specific conduct without fully examining whether these behaviors are already adequately punished under another statute. And then under our system of checks and balances, it falls to this court to determine if the new laws comply with our constitutional guarantees, and if the penalties were set according to the seriousness of the offense. And this test works. It's not only workable, it works. We're not going to be seeing these firearm enhancement cases, but this limited objective test is the best tool that this Court has to make sure that penalties are set according to the seriousness of the offense in future cases and in future legislation. Does this Court have any questions on either the first or third arguments set out in the briefs? I would like to ask this Court, then, to retain the identical elements test and apply its relief to Corey Clemons. Thank you very much. Thank you, Counsel. Counsel for the appellant? Your Honors, the reason to abandon the identical elements test is that it goes beyond what the framers of the Illinois Constitution thought the proportion penalties clause covered. They believed that those protections were coextensive with the Eighth Amendment of the United States Constitution. And contrary to defendants' arguments, there is no justification in U.S. Supreme Court precedent for a strict proportionality test like the identical elements test. Solem laid out factors to consider in determining whether a penalty was grossly disproportionate to the original penalty. The court did not, as Ewing made clear, in any way require some sort of comparative analysis within or between jurisdictions. And to view it as justifying the identical elements test would be inconsistent with the Court's comments on Solem in Ewing, where it was clear that the Eighth Amendment bars only sentences that are disproportionate to the original penalty. That is, sentences that are disproportionate to the charged crime, not other crimes, and does not require strict proportionality, and that successful proportionality challenges should be exceedingly rare. Defendant has also argued that the identical elements test is objective and easy to apply because it looks only to the elements in the statute as defined by the General Assembly. But as defendant has conceded, that is not the case. The elements of armed violence and armed robbery are unquestionably, as written in the statutes and as passed by the General Assembly, not identical. The identical elements test has been applied to the elements as charged in a specific case, to the facts that need to be proven in specific cases, as opposed to the elements in the statute as passed by the General Assembly. And has therefore moved beyond looking merely at the statutes and comparing the language of the statute as passed by the General Assembly, who has to consider not the facts of a specific crime, but a wide range of criminal activity that they are seeking to properly detour and punish. And by looking specifically at the facts of a crime that need to be proven, the facts of a specific crime that need to be proven, the identical elements test has come up against the closest case in Supreme Court precedent, United States v. Batchelder, which found that there was not a constitutional problem when you had crimes in that case. The facts that need to be proved against the defendant were identical for the two different criminal statutes in question. But again, as drafted, the elements were merely overlapping, and the court held that that was not a constitutional problem. If anything, it's a closer question under due process. Whether if the legislature were to pass a statute with elements actually identical, as opposed to this case where they overlap, but pass a statute with elements actually identical, to an already existing statute and not abrogate the preexisting statute, have different penalty schemes, whether that second statute would bear a reasonable relationship to the legitimate government interest under the due process clause, is, if anything, a closer question than under the proportionate penalties clause, which explicitly bars only penalties that are grossly disproportionate to that crime that is being charged. I would argue that because the due process clause is in lockstep with the federal due process clause, and given the court's decision in Batchelder, that that would not be a due process violation. But if anything, that's a closer question than under the proportionate penalties clause. If it is an unwise scheme of criminal penalties that has been drafted by the General Assembly, then the proper check on it certainly is not to expand the proportionate penalties clause. Far beyond the scope of what was intended by the drafters of that clause. So, you know, the checks are, as provided by the proportionate penalties clause, whether the penalty that the General Assembly passes for any criminal conduct is, in fact, proportionate to that criminal conduct. But not to start comparing statutes, especially not without identical elements. The court has no further questions if people respectfully request that this court reverse the decision of the Fourth District.  Thank you, counsel. Case number 107821, People v. Clemens, will be taken under advisement as agenda number one. Thank you, counsel, for your fine arguments today.